# UNITED STATE DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, : | Civil Action No. |
| NATIONAL UNION FIRE INSURANCE COMPANY, : | 3:11-cv-01136-SRU |
| ARCH INSURANCE COMPANY, CERTAIN : | |
| UNDERWRITERS AT LLOYD'S SUBSCRIBING : | |
| TO POLICY NOS. NED436WA3634M, 60098A08AA : | |
| PN00177AA001 and AGP076002AA08, GREAT : | |
| LAKES REINSURANCE (UK) PLC, GENERAL : | |
| SERCURITY INDEMNITY COMPANY OF : | |
| ARIZONA, and INTERNATIONAL INSURANCE : | |
| COMPANY OF HANNOVER, LTD., AS : | |
| SUBROGEES OF KLEEN ENERGY SYSTEMS, LLC, : | |
|     Plaintiffs, : | |
| : | |
| vs. : | |
| : | |
| KEYSTONE CONSTRUCTION AND : | |
| MAINTENANCE SERVICES, INC., BLUEWATER : | |
| ENERGY SOLUTIONS, INC., WORLEYPARSONS : | |
| GROUP, INC., SPRAGUE ENERGY CORP., : | |
| ALGONQUIN GAS TRANSMISSION, LLC, : | |
| SIEMENS ENERGY INC., f/k/a SIEMENS POWER : | |
| GENERATION, INC., SIEMENS AG and SPECTRA : | |
| ENERGY, INC., : | |
|     Defendants, : | |
| : | |
| vs. : | |
| : | |
| O&G INDUSTRIES, INC. and : | |
| KLEEN ENERGY SYSTEMS, LLC, : | October 4, 2011 |
|     Third Party Defendants. | |

## THIRD-PARTY COMPLAINT OF WORLEYPARSONS GROUP INC. AGAINST O&G INDUSTRIES, INC. AND KLEEN ENERGY SYSTEMS, LLC

Pursuant to Federal Rule of Civil Procedure 14(a), Defendant and Third-Party Plaintiff WorleyParsons Group Inc. hereby brings this Third-Party Complaint against O&G Industries, Inc. and Kleen Energy Systems, LLC.

**COUNT ONE (Contractual Indemnification v. O&G Industries, Inc.)**

1. Defendant and Third-Party Plaintiff WorleyParsons Group Inc. ("WorleyParsons") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located in the State of Texas.

2. Third-Party Defendant O&G Industries, Inc. ("O&G") is a corporation organized and existing under the laws of the State of Connecticut with a principal place of business located in the State of Connecticut.

3. Third-Party Defendant Kleen Energy Systems, LLC ("Kleen Energy") is a limited liability company organized and existing under the laws of the State of Connecticut with a principal place of business located in the State of Connecticut.

4. Upon information and belief, on or about November 30, 2007, O&G and Kleen Energy entered into an engineering, procurement and construction agreement, pursuant to which O&G, as general contractor, agreed to perform engineering, procurement, construction, start-up and testing services for Kleen Energy, as owner, in connection with an approximately 620 megawatt, combined cycle, natural gas-fired electric power generating plant to be located in Middletown, Connecticut (the "Project").

5. On or about January 11, 2008, O&G and WorleyParsons entered into a subcontract (the "Subcontract") pursuant to which WorleyParsons agreed to perform certain design, engineering and other services as subcontractor to O&G in connection with O&G's obligations under its contract with Kleen Energy.

6. In the Subcontract, O&G agreed to indemnify and save WorleyParsons harmless from and against any and all losses (as the Subcontract defines the term "losses"), attributable

to third party claims of bodily injury, including death or damage to property, and resulting from or arising out of the negligence or willful misconduct of O&G, or its employees, agents or subcontractors other than WorleyParsons.

7. The Subcontract defines "losses" as "any and all liabilities (including liabilities arising out of the application of the doctrine of strict liability), obligations, losses, damages, penalties, fines, claims, actions, suits, judgments, costs, expenses and disbursements, (including reasonable legal fees and expenses and reasonable costs of investigation), of whatsoever kind and nature, including those resulting from property injury, bodily injury or death."

8. By way of the Second Amended Complaint, filed on August 10, 2011, the Plaintiff insurers, as subrogees to Kleen Energy, brought claims against WorleyParsons claiming damages sustained as a result of payments allegedly made to Kleen Energy under certain applicable insurance policies in connection with a massive explosion that occurred on or about February 7, 2010 at the Project.

9. The Subcontract obliges O&G to defend and save harmless WorleyParsons from all losses, as the Subcontract defines the term "losses," that WorleyParsons has incurred and will continue to incur in connection with the Plaintiffs' Complaint and any other event, conduct or circumstances that triggers O&G's obligation to indemnify and save harmless WorleyParsons from and against any losses, as the Subcontract defines the term "losses," attributable to third party claims of bodily injury, including death or damage to property, and resulting from or arising out of the negligence or willful misconduct of O&G, its employees, agents, or subcontractors other than WorleyParsons.

10. All the aforesaid losses in this case were and will be caused by the negligence and/or willful misconduct of O&G, its employees, agents or subcontractors other than WorleyParsons.

11. To date, O&G has breached the Subcontract by not complying with its obligation under the Subcontract to indemnify and save harmless WorleyParsons from the losses, as the Subcontract defines the term "losses," WorleyParsons has incurred and will continue to incur.

12. WorleyParsons has satisfied all conditions precedent to seeking indemnification from O&G pursuant to O&G's obligations under the Subcontract.

13. O&G's breach of the Subcontract has directly and proximately harmed WorleyParsons, entitling WorleyParsons to recover damages from O&G.

**COUNT TWO (Common Law Indemnification v. O&G Industries, Inc.)**

14. WorleyParsons repeats and incorporates Paragraphs 1 through 5 of Count One as if fully set forth at length here.

15. If any allegations of negligence against WorleyParsons asserted by the Plaintiffs are proven—which allegations WorleyParsons expressly and explicitly denies—then any damages sustained by the Plaintiffs were directly and proximately caused by the active and primary negligence of O&G to the exclusion of any alleged acts or omissions of WorleyParsons.

16. O&G's active and primary negligence included, among other things:

    a. O&G's failure to properly warn individuals present at the time of the explosion at the Project that O&G could not contain the natural gas being purged from the gas lines at the Project during the gas blow;

    b. O&G's failure to properly supervise the purging operations at the Project at the time of the explosion;

    c. O&G's failure to make proper arrangements to protect against the ignition of natural gas during the purging operations at the time of the explosion;

    d. O&G's failure to ensure that all construction activity ceased at the time of the purging operations;

    e. O&G's failure to eliminate all ignition sources at the time of the purging operations;

    f. O&G's failure to remove all non-essential workers from the building and the area surrounding the purging operations;

    g. O&G's failure to implement regular inspections of the work site by a competent person;

    h. O&G's failure to instruct or train its employees, agents or contractors in hazard recognition and minimization related to the purging operations;

    i. O&G's failure to implement a reasonable fire prevention system at the Project;

FAS/34403/36/1050180v1
10/04/11-HRT/LFG

j.  O&G allowing natural gas to escape from the gas lines during the purging operations, which then led to the ignition of that natural gas and the ensuing massive explosion;

k.  O&G failing to develop adequate safety procedures for conducting the gas blow cleaning of the gas piping at the Project;

l.  O&G permitting the use of dangerously excessive amounts of natural gas during the purging operations at the Project;

m.  O&G failing to monitor the levels of natural gas in the area where the purging operations were conducted;

n.  O&G permitting the purging operations to proceed under extremely dangerous conditions in order to reap financial rewards for completing the Project on or before schedule;

o.  O&G failing to obtain the proper authorizations to proceed with the purging operations; and

p.  O&G otherwise failing to act reasonably under the circumstances.

17.  O&G's, not WorleyParsons', acts and omissions during the course of Project were the direct and immediate cause of any damages allegedly sustained by the Plaintiffs.

18.  At all times relevant hereto, O&G was in control of Project, to the exclusion of WorleyParsons, and caused the conditions that resulted in the accident that allegedly resulted in the Plaintiffs' alleged losses and damages.

19.  WorleyParsons did not know of, nor could WorleyParsons have reasonably anticipated, O&G's acts and omissions that directly and immediately caused the alleged losses

FAS/34403/36/1050180v1
10/04/11-HRT/LFG

and damages sustained by the Plaintiffs, and WorleyParsons could reasonably have relied upon O&G not to have committed any such acts or omissions.

20. If the Plaintiffs are found to have sustained damages, O&G's acts and omissions during the course of the Project and during the purging operations preceding the accident at the Project entitle WorleyParsons to indemnification from O&G for any settlement, judgment, costs and attorneys' fees WorleyParsons has incurred or may incur in defense of any claims of negligence asserted by the Plaintiffs against WorleyParsons.

**COUNT THREE (Common Law Indemnification v. Kleen Energy Systems, LLC)**

21. WorleyParsons repeats and incorporates Paragraphs 1 through 5 of Count One as if fully set forth here.

22. If any allegations of negligence against WorleyParsons asserted by the Plaintiffs are proven—which allegations WorleyParsons expressly and explicitly denies—then any damages sustained by the Plaintiffs were directly and proximately caused by the active and primary negligence of Kleen Energy to the exclusion of any alleged acts or omissions of WorleyParsons.

23. Kleen Energy's active and primary negligence included, among other things:

    a. Kleen Energy's failure to properly warn individuals present at the time of the explosion at the Project that Kleen Energy could not contain the natural gas being purged from the gas lines at the Project during the gas blow;

    b. Kleen Energy's failure to properly supervise the purging operations at the Project at the time of the explosion;

7

c. Kleen Energy's failure to make proper arrangements to protect against the ignition of natural gas during the purging operations at the time of the explosion;

d. Kleen Energy's failure to ensure that all construction activity ceased at the time of the purging operations;

e. Kleen Energy's failure to eliminate all ignition sources at the time of the purging operations;

f. Kleen Energy's failure to remove all non-essential workers from the building and the area surrounding the purging operations;

g. Kleen Energy's failure to implement regular inspections of the work site by a competent person;

h. Kleen Energy's failure to instruct or train its employees, agents or contractors in hazard recognition and minimization related to the purging operations;

i. Kleen Energy's failure to implement a reasonable fire prevention system at the Project;

j. Kleen Energy allowing natural gas to escape from the gas lines during the purging operations, which then led to the ignition of that natural gas and the ensuing massive explosion;

k. Kleen Energy failing to develop adequate safety procedures for conducting the gas blow cleaning of the gas piping at the Project;

l. Kleen Energy permitting the use of dangerously excessive amounts of natural gas during the purging operations at the Project;

FAS/34403/36/1050180v1
10/04/11-HRT/LFG

m. Kleen Energy failing to monitor the levels of natural gas in the area where the purging operations were conducted;

n. Kleen Energy permitting the purging operations to proceed under extremely dangerous conditions in order to reap financial rewards for completing the Project on or before schedule;

o. Kleen Energy failing to obtain the proper authorizations to proceed with the purging operations; and

p. Kleen Energy otherwise failing to act reasonably under the circumstances.

24. Kleen Energy's, not WorleyParsons', acts and omissions during the course of Project were the direct and immediate cause of any damages allegedly sustained by the Plaintiffs.

25. At all times relevant hereto, Kleen Energy was in control of the Project, to the exclusion of WorleyParsons, and caused the conditions that resulted in the accident that allegedly caused the Plaintiffs' claimed losses and damages.

26. WorleyParsons did not know of, nor could WorleyParsons have reasonably anticipated, Kleen Energy's acts and omissions that directly and immediately caused the alleged damages sustained by the Plaintiffs, and WorleyParsons could reasonably have relied upon Kleen Energy not to have committed any such acts or omissions.

27. If the Plaintiffs are found to have sustained damages, Kleen Energy's acts and omissions during the course of the Project and during the purging operations preceding the accident at the Project entitle WorleyParsons to indemnification from Kleen Energy for any

9

settlement, judgment, costs and attorneys' fees WorleyParsons has incurred or may incur in defense of any claims of negligence asserted by the Plaintiffs against WorleyParsons.

FAS/34403/36/1050180v1
10/04/11-HRT/LFG

WHEREFORE, WorleyParsons prays that this Court grant the following relief:

**As to Counts One and Two:**

1. Indemnification from O&G Industries, Inc. for any claims brought against WorleyParsons Group Inc., including any judgment that may enter against WorleyParsons Group Inc. if WorleyParsons Group Inc. is found liable to the Plaintiffs, including costs and attorneys' fees; and

2. Such other relief in law or in equity that the Court deems just, fair or equitable.

**As to Count Three:**

1. Indemnification from Kleen Energy Systems, L.L.C. for any claims brought against WorleyParsons Group Inc., including any judgment that may enter against WorleyParsons Group Inc. if WorleyParsons Group Inc. is found liable to the Plaintiffs, including costs and attorneys' fees; and

2. Such other relief in law or in equity that the Court deems just, fair or equitable.

DEFENDANT: WORLEYPARSONS GROUP INC.

By: /s/ David E. Rosengren
David E. Rosengren (ct 05629)
drosengren@mdmc-law.com
Frank A. Sherer III (ct27149)
fsherer@mdmc-law.com
McElroy, Deutsch, Mulvaney & Carpenter/PH, LLP
One State Street, 14th Floor
Hartford, CT 06103-3102
(860) 522-5175 (telephone)
(860) 522-2796 (facsimile)

FAS/34403/36/1050180v1
10/04/11-HRT/LFG

## **CERTIFICATION**

I hereby certify that, on October 4, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ David E. Rosengren
David E. Rosengren